NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2725
_____

JONATHAN VOORHIS,
Appellant

v.

CINDY DIGANGI; JULIE LAFFERTY; OFFICE OF CHILDREN
AND YOUTH; ERIE POLICE DEPARTMENT; THE CITY OF ERIE;
PTLM. MILLER; PTLM. MORGENSTERN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00066)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2025

Before: HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 24, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jonathan Voorhis filed a pro se civil rights action against a county caseworker (DiGangi), her supervisor (Lafferty), and the Erie County Office of Children and Youth Services (collectively, the OCY Defendants). Voorhis also sued two police officers, their department, and the City of Erie, Pennsylvania (collectively, the Police Defendants).

Voorhis's operative pleading—his amended complaint—lacked organized, concise allegations, and the claims it purported to raise were not plainly stated in numbered paragraphs. Cf. Fed. R. Civ. P. 8(a)(2), (d)(1); Fed. R. Civ. P. 10(b). Rather, the pleading presented a lengthy, twisting narrative punctuated at every turn with legal conclusions. That said, Voorhis's claims appear related to allegedly unconstitutional actions by the defendants inclusive of: falsifying records in dependency proceedings; groundlessly blaming the death of Voorhis's child V.A. on the mother (Willow Augustine); unlawfully placing A.A.V. (Voorhis's newborn child with Augustine) in foster care after Augustine's positive drug test; terminating Voorhis's parental rights while he was in prison and unable to defend himself; and causing Augustine to commit suicide.[1]

The Police Defendants filed a motion to dismiss Voorhis's amended complaint under Federal Rules of Civil Procedure 8 and 12(b)(6), and alternatively asked for a more definite statement under Rule 12(e). For their part, the OCY Defendants moved for dismissal under Rule 12(b)(6) or, in the alternative, summary judgment under Rule 56.

---

[1] The OCY Defendants attributed V.A.'s death to Augustine's "co-sleeping" and V.A.'s untreated pneumonia; Voorhis, however, says the cause was strictly pneumonia. As for A.A.V., it appears that that child is now in the custody of Voorhis's mother.

The Magistrate Judge recommended granting the Police Defendants' motion to dismiss under Rule 12(b)(6), and converting the OCY Defendants' Rule 12(b)(6) motion to a summary judgment motion and granting it. The Magistrate Judge in his Report explained that Voorhis failed to comply with summary judgment procedures despite being given fair warning of the possible conversion of the OCY Defendants' motion. The OCY Defendants' statement of undisputed material facts was unopposed and thus accepted, except to the extent contradicted by any evidence Voorhis had submitted.

The Magistrate Judge proceeded to reject several of Voorhis's claims out of hand, observing that the Sixth Amendment right to counsel did not apply in civil proceedings, and that Voorhis's amended complaint lacked allegations supporting equal protection, defamation, or RICO claims. The Magistrate Judge next determined that Voorhis failed to adequately plead the individual police officers' personal involvement in any constitutional violations, and described the claims against the City as legally frivolous.

Turning to the OCY Defendants, and relying on Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 495 (3d Cir. 1997) (holding that county caseworkers were "entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings"), the Magistrate Judge determined that DiGangi and Lafferty were entitled to absolute immunity. Regardless, there was no evidence supporting Voorhis's procedural due process claims against those defendants, or supporting a substantive due process claim against any of the OCY Defendants. Finally, the Magistrate Judge determined that Voorhis could not pursue a Fourth Amendment claim on A.A.V.'s behalf (and that the claim was meritless, in any

3

event), that he had not adduced any evidence supporting Monell[2] liability, and that supplemental jurisdiction over Voorhis's state law claims should not be exercised.

Over Voorhis's objections, the District Court adopted the Report, granted the defendants' motions, and entered judgment in their favor. This timely appeal followed.[3]

Voorhis's main contention on appeal is that DiGangi and Lafferty were not entitled to absolute immunity, because their alleged fabrication of records is tied to their investigative function as caseworkers, not their prosecutorial function in supporting the litigation of a dependency case. Voorhis relies on Guest v. Allegheny County, DC Civ. No. 20-cv-00130, 2020 WL 4041550 (W.D. Pa. July 17, 2020), which the Magistrate Judge found (and we find) readily distinguishable, see id. at *10 (merely concluding at the pleading stage that it was premature to determine whether the caseworker's conduct "was investigatory or alternatively, if she was acting at all times in a prosecutorial capacity and as such, is entitled to absolute immunity").

The record confirms that DiGangi's and Lafferty's actions at issue were overwhelmingly prosecutorial in nature, insofar as they were presenting facts in support of emergency dependency proceedings after a case referral, see, e.g., Supp. App'x at 38–39 (Lafferty's application for an emergency protective order), as opposed to, for example, conducting a routine interview of a family member getting support from social services.

---

[2] See Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).

[3] We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. See Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014); Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011).

But even if there were shades of "investigation" in DiGangi's and Lafferty's work, the District Court's immunity ruling still would not be erroneous. See B.S. v. Somerset County, 704 F.3d 250, 269 (3d Cir. 2013) "[T]he presence of an investigative component . . . does not bar the application of absolute immunity when the function . . . is still fundamentally prosecutorial in nature."); see also Ernst, 108 F.3d at 498 ("We therefore conclude that like a prosecutor's evaluation of evidence in preparation for indictment or trial, the CYS defendants' gathering of information and professional opinions . . . must be protected.").[4]

Accordingly, the judgment of the District Court will be affirmed.

---

[4] The immunity issue is dispositive. But worth observing is Voorhis's concession of several facts on which the CYS Defendants relied to initiate dependency proceedings for A.A.V. See, e.g., Br. 5 ("It may be indisputable that the minor child was born 29 weeks, had THC in his system, and the mother and father were unable to appear at all feeding schedules [sic]."). Furthermore, there is no evidence in the record indicating that the OCY Defendants fabricated documents or knowingly made false statements. We also note—in response to an argument in Voorhis's supplemental brief—that conversion of the OCY Defendants' Rule 12(b)(6) motion to a summary judgment motion was not improper, as Voorhis was given notice of the court's "intention to convert the motion and allow[ed] an opportunity to submit materials admissible in a summary judgment proceeding." Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). Voorhis was also provided a copy of Rule 56's text.